UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

08 FEB 14 PM 3: 13

| | |
|---|---|
| JACOB VOGT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: |
| ) | |
| AZTAR INDIANA GAMING ) | |
| COMPANY, LLC, ) | 3 : 08-cv- 22 -RLY -WGH |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Jacob Vogt ("Vogt"), brings this action against Aztar Indiana Gaming Company, LLC ("Aztar") for unlawful employment practices in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq and Indiana law.

### II. Parties

2. Vogt, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Aztar, at all times relevant to this litigation, conducted business within the geographical boundaries of the Southern District of Indiana.

### III. Jurisdiction and Venue

4. Jurisdiction over Vogt's claims is proper in this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367 and 29 U.S.C. §216(b).

5. Plaintiff's state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III

of the United States Constitution.

6. Aztar is an "employer" within the meaning of 29 U.S.C. §203(d).

7. Vogt was an "employee" within the meaning of 29 U.S.C. §203(e).

8. All facts, events, and transactions giving rise to this lawsuit occurred within the federal district for the Southern District of Indiana, therefore venue is proper in this Court.

### IV. Factual Allegations

9. Vogt was hired by Aztar as a Dealer on or about March 4, 1996.

10. From in or about 2000 through in or about April 2005, Vogt held the dual role of a Floor Supervisor/Dealer. During this time period, Vogt was paid on an hourly basis. In or about April 2005 through in or about October 2005, Vogt held the dual role of Floor Supervisor and Pit Boss. During this time period, Vogt was paid on an hourly basis.

11. In or about October 2005, Vogt's title was changed to Poker Room Manager. Vogt performed the same job duties as when his title was Pit Boss. However, Vogt's pay rate was changed from hourly to salary. Vogt held the title of Poker Room Manager until in or about September 2006.

11. Throughout his employment as Poker Room Manager, Vogt consistently worked in excess of forty hours in a work week.

12. However, Aztar failed to pay Vogt time and a half for the hours that he worked in excess of forty. Aztar intentionally changed Vogt's job title, while leaving his job duties the same, in an effort to justify changing Vogt's pay scale from hourly to salary and thereby avoid paying overtime wages.

13. Vogt was replaced as Poker Room Manager by Carol McDonnel. McDonnel and Pam Favore are currently in charge of Aztar's Poker Room and are paid on an hourly basis.

## V. Legal Allegations

### Count I: Failure to Pay Overtime

14. Paragraphs one (1) through thirteen (13) of Vogt's Complaint are hereby incorporated.

15. Aztar intentionally and willfully failed to compensate Vogt at a rate not less than one and a half times his regular rate for hours that he worked in a workweek in excess of forty.

16. Aztar's actions in denying Vogt compensation were intentional, willful, and/or done with reckless disregard for Vogt' statutory rights.

17. Vogt is entitled to recover from Aztar all compensation which he earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, §§ 1 et seq. as amended 29 U.S.C. §§201 et seq. and Indiana Code § 22-2-2-9.

## VI. Requested Relief

WHEREFORE, Plaintiff, Jacob Vogt, by counsel, respectfully requests that the Court find for Plaintiff and:

1) Order injunctive relief and penalties sufficient to insure that Defendant ceases and desists from further unlawful employment practices;

2) Order Defendant to pay Plaintiff's lost wages;

3) Order Defendant to pay liquidated damages to Plaintiff;

4) Order Defendant to pay compensatory damages to Plaintiff;

5) Order Defendant to pay punitive damages to Plaintiff;

6) Order Defendant to pay prejudgement and post-judgment interest to Plaintiff;

7) Order Defendant to pay Plaintiff's costs and attorney fees.

8) Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER & DUTKANYCH

By: _____
Kyle F. Biesecker, Attorney No. 24095-49
317 SE Third Street
Evansville, IN 47713
Telephone: (812) 424-1001
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

Attorneys for Plaintiff, Jacob Vogt

## DEMAND FOR JURY TRIAL

The Plaintiff, Jacob Vogt, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

BIESECKER & DUTKANYCH

By: _____
Kyle F. Biesecker, Attorney No. 24095-49
317 SE Third Street
Evansville, IN 47713
Telephone: (812) 424-1001
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

Attorneys for Plaintiff, Jacob Vogt

4